James Portman Webster
James Portman Webster
 Law Office, PLC
1845 S. Dobson Rd. Ste. 201
Mesa, AZ 85202
T: (480) 464-4667
F: (888) 214-8293
Jim@JPWLegal.com
Attorney for Plaintiff

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>OMAR MUSTAFA,<br><br>Debtor. | In Proceedings Under Chapter 7<br><br>Case No.: 2: 20−bk−02868−PS<br><br>Adversary No.: |
| KAI YU,<br><br>Plaintiff,<br><br>v.<br><br>OMAR MUSTAFA,<br><br>Defendant. | **COMPLAINT NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(a), 523(a)(4) AND 523(a)(6)** |

KAI YU ("Plaintiff"), by and through counsel undersigned, alleged a Complaint as follows:

1. On March 27, 2020, Omar Mustafa ("Debtor" or "Defendant") petitioned the Court for Chapter 7 relief in the above reference case.

2. This is a core proceeding over which this court has jurisdiction under title 28 U.S.C. 157(b).

3. Pursuant 28 U.S.C. 1408 & 1409 Venue is proper.

James Portman Webster
Law Office, PLC
1845 S. Dobson Rd. Ste. 201
Mesa, Arizona 85202

Case 2:20-ap-00173-PS   Doc 1   Filed 06/19/20   Entered 06/19/20 14:02:37   Desc
Main Document    Page 1 of 6

4. Pursuant to 28 U.S.C. § 1334, this Court has jurisdiction.

5. This action is an adversary proceeding commenced under Rule 7001 and the Federal Rules of Bankruptcy Procedure.

6. Plaintiff is a creditor of Defendant.

7. This is an adversary proceeding to determine the dischargeability of debt pursuant to 11 USC 523(a)(2)(a), 523(a)(4) and 523(a)(6).

8. On May 16, 2019, Plaintiff filed a Complaint in Clark Court Nevada District Court.

9. Plaintiff and Defendant entered into a series of agreements to procure certain Amazon Vendor Central Accounts, Direct Import Vendor Codes, Europe Amazon Vendor Central Invites, Amazon Vendor Central Invites, and related ancillary services.

10. At the 11 U.S.C. § 341 Meeting, Defendant testified he worked on an hourly basis.

11. Defendant accepted the funds from Plaintiff and failed to perform the services.

12. Defendant failed to provide any sort of accounting for work.

13. In addition to not providing an accounting, Defendant failed to produce the requested services.

14. On or about October 24, 2018, Defendant sent Plaintiff an email confirming he would procure forty-two (42) Amazon Vendor Central Invites for $88,000.00 with a credit for a previously unobtained invitation.

15. On or about November 3, 2018, Defendant increased the price for four of the high priority invites from $3,500.00 to $4,000.00 an invitation in seeking to charge more money to Plaintiff.

16. In a November 6, 2018 email, Defendant further requested, the amount paid up front increase from fifty percent to one hundred percent seeking to charge more money to Plaintiff.

17. In the November 6, 2019 email, Defendant promised to provide "non low rate" invitations by the end of November 2018. Defendant went on to say low-rate invitations would be received by the "end of the year."

18. Plaintiff accepted the change in terms and paid $92,000.00 for forty-one (41) Invites.

19. On or about December 3, 2018, Plaintiff paid Defendant $40,000.00 in exchange for Amazon Vendor Central invitation codes for twenty (20) companies.

20. Defendant agreed to procure the Invites by accepting payment for twenty companies and confirming receipt of said payment.

21. Defendant failed to deliver any of the twenty (20) Amazon Vendor Central Invites to Plaintiff.

22. On or about December 8, 2018, Plaintiff agreed to pay Defendant $1,000.00 in exchange for obtaining Direct Import Codes ("DI Codes") for two companies.

23. On or about December 8, 2018, Plaintiff paid $500.00 to Defendant.

24. On or about December 18, 2018, Plaintiff paid the balance of $500.00 to Defendant.

25. Defendant never delivered the DI Codes nor any proof work was done on behalf of Plaintiff.

26. On or around December 18, 2018, Palintiff paid Defendant $1,000.00 to appeal a deactivated vendor central account.

27. Defendant promised he would refund one half of Plaintiff's payment if Defendant were unable to reinstate the deactivated vendor account.

28. Defendant refused to provide evidence of seeking to reinstate the deactivated vendor account.

29. To date, Defendant has failed to return unearned funds of any kind to Plaintiff.

30. On or around April 1, 2018, Plaintiff paid Defendant $22,500.00 for his promise to procure one (1) Europe Central Vendor Invites and ten (10) US Amazon Vendor Central Invites.

31. To date, Defendant failed to procure the Europe Central Vendor Invite as agreed.

32. To date, Defendant failed to provide proof work was performed to obtain the Europe Central Vendor Invite as agreed.

33. To date, Defendant failed to procure ten (10) US Amazon Vendor Central Invites.

34. To date, Defendant failed to provide proof work was performed to procure ten (10) US Amazon Vendor Central Invites.

3
Case 2:20-ap-00173-PS    Doc 1    Filed 06/19/20    Entered 06/19/20 14:02:37    Desc
Main Document    Page 3 of 6

35. On or around December 2, 2018, Defendant promised Plaintiff that if "invitations are not received by the end of [December] he would provide a 50% refund immediately."

36. On or Around December 4, 2018, Defendant stated he would refund all monies received if he was unable to secure the Amazon Vendor Central Invites.

37. To date, Defendant provided zero funds as described above.

38. Debtor's schedules, provided new information, showing Debtor lost $350,000 due to his gambling addiction in the year leading up to his bankruptcy filing. Debtor also spent time in a facility to seek help from his addiction. The filings were the first time Plaintiff learned of Defendants personal issues that would impact their financial dealings.

39. Debtor's stated income would not come anywhere near the amount of money necessary to allow for Debtor to spend $350,000 on gambling in 2019.

40. Debtor's funds, however, would explain how Plaintiff's money funded Debtor gambling habit.

41. Upon information and belief, at all relevant times, Debtor was struggling with his gambling addiction.

## Count I

### Nondischargeability Claim Pursuant to 11 U.S.C. § 523(a)(2)(A)

42. Plaintiff realleges and incorporates the allegations contained directly above.

43. Defendants made (1) representations and omissions about transactions that were (2) false and (3) material, (4) Defendants knew the representations were false, (5) Defendants intended Plaintiff to rely upon the representations, (6) Plaintiff did not know of the falsity, (7) Plaintiff reasonably relied upon Defendants statements, (8) Plaintiff's had the right to rely and (9) Defendant's actions were the proximate cause of the subsequent injury.

44. The above statements and omissions and other implied representations were to coerce Plaintiff to provide funds for work that was described but not intended to be completed.

45. The above statements and omissions and other implied representations were also part of conduct intended by Defendants to create a false impression with Plaintiff's to convince Plaintiff to wait to be paid when Defendant had no intention of returning

Plaintiff's funds.

46. The above statements and omissions and other implied representations were also part of conduct intended by Defendants to believe all of the funds would be returned when Defendant knew he had already improperly spent the funds.

47. As a direct and proximate cause of the false pretenses, false representations and the actual fraud, the Defendants took funds from Plaintiff that caused damages that will be determined in discovery and proven at trial and an exception to discharge for that debt pursuant to 11 U.S.C. § 523(a)(2)(A).

48. At least one instance of the fraud, occurred when Defendant promised to return all of Plaintiff's funds.

49. Upon information and belief, Plaintiff's money was no longer in Defendant's possession.

50. Defendant knew he could not pay this money to Plaintiff.

51. Plaintiff reasonably relied upon Defendant's statements.

52. Plaintiff was justifiably deceived as they had done work together in the past and had no information regarding Defendant's gambling problem.

53. Plaintiff's damages are a proximate cause of Defendant's actions.

## Count II
## Nondischargeability Claim Pursuant to 11 U.S.C. § 523(a)(4)
## Embezzlement

54. Plaintiff realleges and incorporates the allegations contained directly above.

55. Plaintiff paid for services prior to them being performed.

56. Defendant was given funds in anticipation of work to be done and rightfully had access to the funds.

57. Defendant converted the funds as Defendant promised to perform work which was not completed.

58. Defendant did not earn the funds and agreed to return all of the funds.

## Count III
### Nondischargeability Claim Pursuant to 11 U.S.C. § 523(a)(6)
### Wilful Injury

59. Plaintiff realleges and incorporates the allegations contained directly above.

60. Defendant changed the agreement for Plaintiff to provide funds half up front to all up front.

61. Defendant intentionally made this change as he wanted the funds regardless of whether work was performed.

62. Defendant then took the funds without performing work.

63. Defendant had no business justification to use the funds nor keep them when he agreed to return them.

64. Defendant willfully injured Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment on their Complaint as follows:

    A. For judgment in the amount of at least $157,500.00 plus pre and post judgment interest as allowed by law;

    B. A determination that the debt is non-dischargeable in this or any subsequent bankruptcy proceeding;

    C. Plaintiff' attorney fees and costs as allowed by law;

    D. For such other and further relief as is just under the circumstances;

DATED: June 19, 2020.

                                         By: /s/ Jim Webster
                                              Jim Webster, ASB 025006
                                              Attorney for Plaintiff