# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>OMAR MUSTAFA,<br><br>           Debtor. | In Proceedings Under Chapter 7<br><br>Case No.: 2: 20−bk−02868−PS<br><br>Adversary No.: 2:20-ap-00173-PS |
| KAI YU,<br><br>           Plaintiff,<br><br>v.<br><br>OMAR MUSTAFA,<br><br>           Defendant. | **STIPULATED ORDER APPROVING SETTLEMENT AND DISMISSING ADVERSARY PROCEEDING, WITH PREJUDICE** |

This matter having come before the Court pursuant to the stipulation of the parties, as evidenced by the signatures of Plaintiff KAI YU ("Plaintiff") and Defendant OMAR MUSTAFA ("Defendant") on the Settlement Agreement attached hereto as Exhibit "1" (the "Settlement Agreement"), and the signatures of the parties' respective counsel below; it appearing that no notice to third parties of the Settlement Agreement or this *Stipulated Order Approving Settlement and Dismissing Adversary Proceeding, with Prejudice* is necessary or required; and good cause appearing therefore:

**IT IS HEREBY ORDERED** as follows:

A. The Settlement Agreement attached hereto as Exhibit 1 is approved according to its terms;

B. The above-captioned Adversary Proceeding is hereby dismissed, with prejudice, with each party bearing their own respective attorney's fees and costs; and

C. The Pre-Trial Status Conference scheduled for August 24, 2021 at 10:00 a.m. in this Adversary Proceeding (Dkt. No. 49) is hereby vacated.

SO ORDERED as of the date set forth above.

APPROVED as to form and content:

                  James Portman Webster
                   Law Office, PLC

                  By: /s/ Jim Webster
                      Jim Webster, ASB 025006
                      Attorney for Plaintiff

                  Sacks Tierney, N.A.

                  By: /s/ Philip Rudd
                      Philip Rudd, Esq.
                      Attorney for Defendant

# EXHIBIT 1

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into on June 24, 2021, by and between the parties listed below:

**KAI YU**
c/o James Portman Webster, Esq.
**James Portman Webster Law Office, PLC**
1845 South Dobson Road, Suite 201
Mesa, Arizona 85202
[referred to as "KAI YU"]

- and -

**OMAR MUSTAFA**
c/o Philip R Rudd, Esq.
**Sack Tierney, N.A.**
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, AZ 85251
[referred to as "OMAR MUSTAFA"]

## RECITALS

**WHEREAS**, on June 19, 2020, KAI YU filed an Adversary Complaint against OMAR MUSTAFA in the United States Bankruptcy Court, District of Arizona, Case No. 2:20-ap-00173-PS (the "Litigation"), asserting claims for violation of 11 U.S.C. §§ 523(a)(2)(A); 523(a)(4); and, 523(a)(6).

**WHEREAS,** KAI YU's Complaint alleged damages against OMAR MUSTAFA in the total sum of One Hundred and Fifty-Seven Thousand and Five Hundred Dollars ($157.500.00), plus interest at the highest statutory rate per annum, until paid; and, requested an award of its attorneys' fees and costs incurred in prosecuting its claims.

**WHEREAS,** as of this date, the parties settled all disputes with each other relating to the Litigation, and any other potential claims, and buy their peace for all time on the terms and conditions set forth hereinafter.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained herein and other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. In exchange for KAI YU dismissing the Litigation, with prejudice, entering into this Settlement Agreement & Mutual Release (the "Agreement") and, releasing any and all claims he has against OMAR MUSTAFA, as set forth below, OMAR MUSTAFA has agreed to pay to KAI YU the total sum of **Forty Thousand Dollars ($40,000.00)** (the "Settlement Amount") in certified funds made payable to **"Kai Yu"** and shall deliver a certified check ("Settlement Check") in such amount to KAI YU's counsel pursuant to this Agreement on or before June 18, 2021.

2. Upon his receipt of the Settlement Check, KAI YU's counsel shall hold the Settlement Check, and shall not deliver the Settlement Check to KAI YU or otherwise cause the Settlement Check to be cashed or otherwise negotiated, unless and until (a) this Agreement is fully executed by the parties and (b) the *Stipulated Order Approving Settlement and Dismissing Adversary Proceeding, with Prejudice* ("Dismissal Order"), signed by counsel for the parties, is executed by the Court and entered on the Court's docket in the Litigation. Upon entry of the Dismissal Order, KAI YU's counsel shall be authorized to deliver the Settlement Check to KAI YU and the Settlement Check may be cashed or otherwise negotiated.

3. In exchange for OMAR MUSTAFA entering into this Agreement, paying the Settlement Amount to KAI YU, and releasing any and all claims he has against KAI YU, as set forth below, KAI YU hereby agrees to accept the Settlement Amount**,** payable as stated above, as full and final satisfaction of any and all of his claims against OMAR MUSTAFA and to release OMAR MUSTAFA from any and all claims, known or unknown, as set forth below.

4. Upon entry of the Dismissal Order, KAI YU and OMAR MUSTAFA do hereby mutually release and absolutely discharge and acquit each other, and their

respective agents, representatives, attorneys, assigns, successors, predecessors, family members, spouses, former spouses, affiliates, insiders, heirs, insurers and sureties from any and all claims, counterclaims, demands, rights, damages, covenants, debts, liabilities, costs, expenses, actions and causes of action of every kind and nature, known or unknown, whether at law or in equity, which any party or their respective agents, representatives, attorneys, assigns, successors, predecessors, family members, spouses, former spouses, affiliates, insiders, heirs, insurers and sureties have, had, may have, or may have had against each other, including any claims raised, asserted in, arising from or that could have been raised in the Litigation.

5. Each party to this Agreement shall bear its own attorneys' fees and costs, except as expressly provided in this Agreement.

6. The parties have been represented by counsel throughout the settlement negotiations or have had the opportunity to seek advice from counsel, and have been advised that upon execution of this Agreement, they will have no further claims of any nature whatsoever against each other.

7. The parties agree to execute or cause to be executed any and all other documents necessary to carry out the full intent and purpose of this Agreement.

8. This Agreement is intended to and does cover all claims and matters set forth above, whether known to the parties at the time of the execution of this Agreement or not, which have resulted or may hereinafter result, which may hereinafter be discovered, and which may have been caused or claimed to have been caused by the matters identified herein.

9. Should any party violate the terms of this Agreement, the opposing party or parties shall be entitled to an award of any actual damages sustained, including, but not limited to, all costs and attorneys' fees reasonably incurred in attempting to enforce this Agreement.

10.  This Agreement and the terms provided for herein are made, executed, given and accepted as part of a compromise and settlement of all disputed claims relating to and arising out of the Litigation.  This Agreement is made solely and entirely as a compromise and for the purpose of fully and finally resolving all disputed matters herein.

11.  This Agreement is binding upon and shall inure to the benefit of each of the parties hereto and their respective agents, representatives, attorneys, assigns, successors, predecessors, family members, spouses, former spouses, affiliates, insiders, heirs, insurers and sureties.

12.  This Agreement is the entire Agreement between the parties with respect to the subject matter hereof and supersedes any and all prior or contemporaneous oral or written agreements and discussions between or among any of them.  This Agreement may be amended only by further signed writings.  The terms of this Agreement will be construed in accordance of the laws of the State of Arizona and not against the party who drafted this Agreement.

13.  This Agreement may be executed in duplicate originals.

14.  This Agreement may be executed in counterparts, and all counterparts read together shall constitute the entire Agreement.  Facsimile or e-mailed signatures and copies or pdf versions of this Agreement shall be valid and considered an original.

15.  No party (nor any officer, agent, employee, representative, or attorney of or for any party) has made any statement or representation to any other party or is relying upon statements, representations or promises of any other party (any officer, agent, employee, representative, or attorney for the other party) in executing this Agreement or making the settlement provided for herein, accept as expressly stated in this Agreement.

16.  Each party has read this Agreement and understands the contents thereof.

[signatures of the parties on following page]

1 | DATE: 22/06/2021

_____
KAI YU

6 | DATE: _____

_____
OMAR MUSTAFA

3050483.v1

```
 1 | DATE: _____
 2 |
 3 |                                                    _____
 4 |                                                    KAI YU
 5 |
 6 | DATE: 06/21/2021
 7 |
 8 |                                                    Omar Mustafa    dotloop verified
 9 |                                                                    06/21/21 10:48 AM MST
                                                                        SNB5-1M8F-VI2S-ZERM
10 |                                                    _____
                                                        OMAR MUSTAFA
11 |
12 |
...
28 |
```

3050483.v1